# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAGMATUS TELECOM, LLC,          ) | |
| )                                  | |
| Plaintiff,           ) | Case No. 1:12-cv-00095-RGA |
| )                                  | |
| v.                          ) | JURY TRIAL DEMANDED |
| )                                  | |
| SIRIUS XM RADIO INC.,             ) | |
| )                                  | |
| Defendant.           ) | |
| )                                  | |
| SIRIUS XM RADIO INC.,             ) | |
| )                                  | |
| Counterclaimant,     ) | |
| )                                  | |
| v.                          ) | |
| )                                  | |
| PRAGMATUS TELECOM, LLC,          ) | |
| )                                  | |
| Counterclaim Defendant.  ) | |
| )                                  | |
| SIRIUS XM RADIO INC.,             ) | |
| )                                  | |
| Third Party Plaintiff,  ) | |
| )                                  | |
| v.                          ) | |
| )                                  | |
| RIGHTNOW TECHNOLOGIES, INC.,      ) | |
| )                                  | |
| Third Party Defendant.  ) | |

**THIRD PARTY DEFENDANT ORACLE AMERICA, INC.'S,
AS SUCCESSOR-IN-INTEREST TO RIGHTNOW TECHNOLOGIES, INC.,
OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS
<u>SIRIUS XM RADIO INC.'S THIRD PARTY COMPLAINT PURSUANT TO 12(b)(1)</u>**

# TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 3

II.   SUMMARY OF THE ARGUMENT ............................................................................... 3

III.  FACTUAL BACKGROUND ......................................................................................... 4

IV.  ARGUMENT .................................................................................................................. 6

V.   CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ballenger v. Applied Digital Solutions, Inc.*,
    189 F. Supp. 2d 196 (D. Del. 2002) ............................................................................... 6

*Cito v. Bridgewater Tp. Police Dept.*,
    892 F.2d 23 (3rd Cir. 1989) ........................................................................................ 4, 6

*United Mine Workers of America v. Gibbs,*
    383 U.S. 715, 86 S.Ct. 1130 (1966) ............................................................................... 6


**STATUTES**

28 U.S.C. § 1367 ............................................................................................................... 3, 6


**RULES**

Fed. R. Civ. P. 12 .................................................................................................................. 3

Oracle America, Inc. ("Oracle")[1] files this opening brief in support of its motion to dismiss Sirius XM's third party complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction following the April 11, 2012 dismissal of the original action against Sirius XM.

## I. NATURE AND STAGE OF THE PROCEEDINGS

On March 20, 2012, Sirius XM Radio, Inc. ("Sirius XM") filed a third party complaint against Oracle alleging breach of contract for Oracle's purported refusal to defend and indemnify Sirius XM in connection with a patent lawsuit filed by Pragmatus Telecom, Inc. ("Pragmatus"). Because both Sirius XM and Oracle are Delaware corporations, diversity jurisdiction did not exist. Therefore, Sirius XM plead that its only basis for subject matter jurisdiction was through supplemental jurisdiction under 28 U.S.C. § 1367.

On April 11, 2012, this Court entered an order dismissing all of Pragmatus' patent claims against defendant and third party plaintiff Sirius XM. [D.I. 14]. By doing so, the Court dismissed the only federal claims that gave rise to subject matter jurisdiction.

## II. SUMMARY OF THE ARGUMENT

Under 28 U.S.C.§ 1367(c)(3), a "district court[] may decline to exercise supplemental jurisdiction over a claim. . . (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction." By dismissing Pragmatus' patent claims, this Court dismissed all claims over which it had original jurisdiction. Under these circumstances, the Third Circuit has explained that a "court should ordinarily refrain from exercising jurisdiction in the absence of

---

[1] Oracle is the successor in interest to RightNow Technologies, Inc., the named third party defendant in this case. On or about January 25, 2012, Oracle Corporation, a Delaware corporation, through one of its wholly-owned subsidiaries, acquired RightNow Technologies, Inc., a Delaware corporation ("RightNow US"), and its subsidiaries. On or about March 1, 2012, as part of the integration of RightNow US into the Oracle group of companies, all of the rights and obligations under the SiriusXM-RightNow contract were assigned to Oracle America, Inc., a Delaware corporation and a wholly-owned subsidiary of Oracle.

extraordinary circumstances." *Cito v. Bridgewater Tp. Police Dept.*, 892 F.2d 23, 26 (3rd Cir. 1989).

As explained more fully below, there are no extraordinary circumstances that justify exercising supplemental jurisdiction in this action. Now that the Court has dismissed all of the federal claims, this case is no more than a simple breach of contract action. Moreover, since Sirius XM filed its third party complaint, Oracle agreed to indemnify Sirius XM, rendering the dispute to simply a determination of the reasonable defense expenses of Sirius XM for which Oracle may be liable under the contract. Neither the nature of the dispute, nor the amounts involved, are "extraordinary."

### III. FACTUAL BACKGROUND

On January 27, 2012, Pragmatus sued Sirius XM for patent infringement in this Court. [D.I. 1, Pragmatus Complaint; D.I. 7, Sirius XM Third Party Complaint ¶ 1]. The Pragmatus complaint alleged Sirius XM's acts of infringement included the "live chat and related customer service communication channels" that Sirius XM offers its customers to provide customer support. [D.I. 1, Pragmatus Complaint ¶ 11; D.I. 7, Sirius SM Third Party Complaint ¶ 2]. Oracle, though its acquisition of RightNow, provides Sirius XM with certain live chat functionality.

In February 2012, Sirius XM requested that RightNow indemnify Sirius XM in connection with any claims based on any RightNow products or services. [D.I. 7, Sirius XM Third Party Complaint ¶ 17]. Oracle notified Sirius XM in early March, and confirmed on

March 13, that Oracle had a license to the Pragmatus patents that benefits Sirius XM for all products and services it received from RightNow.  O'Rourke Decl. ¶ 3.[2]

To Oracle's surprise, on March 21, 2012, Sirius XM filed this third party complaint against Oracle for breach of contract, even though it was aware that Oracle had a license to the Pragmatus patents whose benefits extended to Sirius XM.  O'Rourke Decl. ¶ 4.

On April 2, 2012, Oracle formally agreed to indemnify Sirius XM pursuant to the terms of Agreement alleged in Sirius XM's Third Party Complaint for its reasonable relevant defense expenses in the Pragmatus matter, and notified Sirius XM of this fact by letter of that date.  .  O'Rourke Decl. ¶ 5.  Subsequent to that time, Oracle has made written requests for Sirius XM to provide Oracle with detailed bills that provide a breakdown of all time entries for work claimed to be performed in connection with defending against covered Pragmatus claims but Sirius XM has not yet provided such bills that contain a breakdown for all time entries, nor other information that Oracle requested in writing.  O'Rourke Decl. ¶ 6.

On April 11, 2012, as a result of recognition of the license, Pragmatus' "live chat" claims were dismissed with prejudice and all other claims were dismissed without prejudice.  [D.I. 14].

In light of this history, Oracle does not understand why Sirius XM has not dismissed its third party complaint.  There are two primary impediments to resolving whatever issues remain, neither of which requires a federal court's involvement: (1) Sirius XM has not yet provided Oracle with detailed bills that provide a breakdown of all time entries, as is necessary to allow Oracle to determine what reasonable fees were incurred to defend against the "live chat" claims;

---

[2]  The "O'Rourke Decl." refers to the Declaration of Peter J. O'Rourke in Support of Third Party Defendant Oracle America, Inc.'s, as Successor In Interest to RightNow Technologies, Inc., Motion to Dismiss Sirius XM Radio Inc.'s Third Party Complaint Pursuant to 12(b)(1), filed concurrently herewith.

and (2) Sirius XM has not yet provided certain other information that Oracle needs to evaluate to understand the extent to which it is obligated to reimburse Sirius XM. O'Rourke Decl. ¶ 6.

## IV. ARGUMENT

This case does not present the "extraordinary circumstances" that are required to exercise supplemental jurisdiction over state law claims once federal claims have been dismissed. Under 28 U.S.C.§ 1367(c)(3), a "district court[] may decline to exercise supplemental jurisdiction over a claim. . . (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction." Here, all of the federal claims were dismissed on April 11, 2011, when Sirius XM was able to take advantage of Oracle's license to the Pragmatus' patent to dismiss the "live chat" claims with prejudice and all other claims without prejudice.[3]

Courts have consistently held that state law claims should be dismissed under these circumstances absent extraordinary circumstances. *Cito v. Bridgewater Tp. Police Dept.*, 892 F.2d 23, 26 (3rd Cir. 1989) (a "court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances."); *see also Ballenger v. Applied Digital Solutions, Inc.*, 189 F. Supp. 2d 196, 201 (D. Del. 2002) (declining to exercise jurisdiction over state breach of contract claim after dismissing federal securities claim). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966).

As illustrated above, there are no extraordinary circumstances that support this Court exercising jurisdiction. This is now a simple breach of contract lawsuit. And because Oracle has

---

[3] Diversity jurisdiction also does not exist because both Sirius XM and Oracle are Delaware corporations. [D.I. 7, Sirius XM Third Party Complaint ¶¶ 6-7].

agreed to indemnify Sirius XM and reimburse Sirius XM for certain past reasonable fees associated with the defense of the "live chat" claims, the lawsuit cannot be properly characterized as a dispute. If, for some reason, Sirius XM believes that it has a good faith basis to assert a breach of contract claim after providing Oracle with detailed billing information, as well as certain other information it is required to provide, Sirius XM can always file a new lawsuit in state court. For now, there is no basis to maintain this lawsuit, and without question it should not be maintained in federal court.

## V. CONCLUSION

For the foregoing reasons, Oracle requests that the Court dismiss Sirius XM's Third Party Complaint in its entirety.

Dated: April 27, 2012

**DLA PIPER LLP (US)**

 /s/ Denise S. Kraft
Denise S. Kraft (ID No. 2778)
Aleine M. Porterfield (ID No. 5053)
919 North Market Street, 15th Floor
Wilmington, DE 19801-3046
Telephone: 302.468.5700
Facsimile: 302.394.2341
denise.kraft@dlapiper.com
aleine.porterfield@dlapiper.com

*Attorneys for Third Party Defendant Oracle America, Inc. as Successor-in-Interest to RightNow Technologies, Inc*