IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAGMATUS TELECOM LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 12-95-RGA |
| RIGHTNOW TECHNOLOGIES INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Before the Court is a motion to dismiss for lack of jurisdiction. (D.I. 15). Pragmatus sued Sirius for patent infringement on January 27, 2012. Sirius sued the third-party defendant for breach of contract on March 20, 2012. The claim was that the third-party was obligated to defend Sirius in the patent infringement suit. The basis for jurisdiction was 28 U.S.C. § 1367(a). Twenty-two days later, the patent infringement suit was dismissed by agreement (apparently because the defendant had a license).

The issue whether this Court should continue to exercise jurisdiction arises pursuant to 28 U.S.C. § 1367(c), which provides, "The district courts may decline to exercise over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."

The Third Circuit has stated:

> Section 1367 states that the federal courts "shall have supplemental jurisdiction" over claims which are "part of the same case or controversy" as a claim over which the court exercises original jurisdiction. 28 U.S.C.A. § 1367(a) (West Supp.1992). Subsection (c), however, provides that a district court may, in its discretion, decline to exercise jurisdiction if any of four conditions are met; one of these conditions is if "the

> district court has dismissed all claims over which it has original jurisdiction." *Id.* §
> 1367(c). In making its determination, the district court should take into account generally
> accepted principles of "judicial economy, convenience, and fairness to the litigants."
> *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218
> (1966); *see also* David D. Siegel, *Practice Commentary,* appended to 28 U.S.C.A. § 1367
> ("Whether a dismissal of the touchstone claim should bring about a dismissal ... of the
> dependent claim for want of supplemental jurisdiction should hinge on the moment
> within the litigation when the dismissal of the touchstone claim takes place and on the
> other surrounding circumstances.... [I]f the dismissal of the main claim occurs late in the
> action, ... knocking [the dependent claims] down with a belated rejection of supplemental
> jurisdiction may not be fair.").

*Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284-85 (3d Cir. 1993).

While my initial inclination was that judicial economy suggested I should retain jurisdiction over the contract claim, I think that the breach of contract claim is a state law claim that is not all that closely tied to the underlying patent law issues. The federal case was resolved without any input from the Court, and I cannot see how the fact that there are similar patent law issues in the nine (or so) related cases still pending is at all germane to resolution of the contract law issues. Neither the parties nor the Court have anything of substance invested in the federal court litigation. The fact that the federal issues were dismissed three weeks after the state law issues were first filed argues strongly in favor of declining to exercise federal jurisdiction. Considerations of judicial economy, convenience and fairness to the litigants are essentially neutral due to the infancy of the case. The preference that state law issues[1] be decided by a state

---

[1] The suggestion was made that this Court was institutionally superior to a state court in deciding the contract issues because the attorney fees would relate to patent litigation. State courts decide issues relating to attorney fees in a wide range of cases. There is in my opinion no reason to believe a federal court has an institutional advantage in handling the third party claim in this case.

court thus persuades me that I should decline to exercise jurisdiction in this case.

Therefore, this 11th day of September 2012, IT IS HEREBY ORDERED that motion to dismiss (D.I. 15) is **GRANTED**, and the third party complaint is **DISMISSED.**

                                                          */s/ Richard G. Andrews*
                                                          United States District Judge